1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10 BRENT ADLER, | Case No. 1:13-cv-01868-SKO (PC) |
| 11    Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, PURSUANT TO RULE |
| 12    v. | 8(A) |
| 13 K. SIGSTON, et al., | (Doc. 1) |
| 14    Defendants. | THIRTY-DAY DEADLINE TO FILE AMENDED COMPLAINT NOT TO |
| 15 _____/ | EXCEED TWENTY-FIVE PAGES |

16

17 **I.      Compliance with Rule 8(a)**

18      Plaintiff Brent Adler, who is proceeding pro se and in forma pauperis, filed this civil rights

19 action pursuant to 42 U.S.C. § 1983 on November 18, 2013.  The events at issue took place when

20 Plaintiff was incarcerated at California Correctional Institution in Tehachapi, California.

21 Plaintiff's fifty page complaint violates Rule 8(a), which calls for "a short and plain statement of

22 the claim," Fed. R. Civ. P. 8(a), supported with "simple, concise, and direct" allegations, Fed. R.

23 Civ. P. 8(d)(1).

24      Plaintiff is pursuing claims against seventeen named defendants and five Doe defendants,

25 and his constitutional claims arise out of retaliation and denial of access to the courts.  The Court

26 will provide Plaintiff with the following applicable legal standards to assist him in setting forth

27 those allegations which are relevant and which link each defendant to actions or omissions which

28 violated Plaintiff's rights.

II.   **Legal Standards**

   A.   **Causal Connection Between Defendants and Violations Required**

   Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed under a theory of *respondeat superior*, and there must exist some causal connection between the conduct of each named defendant and the violation at issue. *Iqbal*, 556 U.S. at 676-77; *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

   B.   **Retaliation**

   Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Silva v. Di Vittorio*, 658 F.3d 1090, 1104 (9th Cir. 2011); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

   C.   **Access to the Courts**

   Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009). However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to

1    contemplated or existing litigation." *Nevada Dep't of Corr. v. Greene*, 648 F.3d 1014, 1018 (9th

2    Cir. 2011) (citing *Lewis*, 518 U.S. at 348) (internal quotation marks omitted), *cert. denied*, 132

3    S.Ct. 1823 (2012); *Christopher v. Harbury,* 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); *Lewis*, 518

4    U.S. at 351; *Phillips*, 588 F.3d at 655.

5    **III.      Order**

6             Based on the foregoing, it is HEREBY ORDERED that:

7             1.       Plaintiff's complaint is dismissed, with leave to amend, pursuant to Rule 8;

8             2.       Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

9    amended complaint not to exceed twenty-five pages; and

10            3.       The failure to comply with this order will result in dismissal of this action, without

11   prejudice.

12
     IT IS SO ORDERED.
13

14      Dated:    **December 31, 2014**                        **/s/ Sheila K. Oberto**
                                                          UNITED STATES MAGISTRATE JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28

3