# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENT ADLER,<br><br>        Plaintiff,<br><br>    v.<br><br>SIGSTON, et al.,<br><br>        Defendants. | 1:13-cv-01868-LJO-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO STATE A CLAIM**<br><br>(Docs. 6, 7)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff, Brent Adler, is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. On February 9, 2015, Plaintiff filed a First Amended Complaint. (Doc. 6.) On April 29, 2016, the Court dismissed the First Amended Complaint for failure to state any cognizable claims and granted Plaintiff leave to file a second amended complaint within thirty days. (Doc. 7.) Plaintiff has not filed an amended complaint or otherwise responded to the Court's Order.

Plaintiff was warned that the failure to comply with the Court's order would result in dismissal of this action since he failed to state a cognizable claim. (*Id.*)

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of*

*Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Based on Plaintiff's failure to comply with or otherwise respond to the order dismissing the First Amended Complaint, there is no alternative but to dismiss the action for his failure to respond to/obey a court order, failure to prosecute, and failure to state a cognizable claim.

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for Plaintiff's failure to obey a court order, to prosecute this action, and to state a cognizable claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **30 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 21, 2016**                    /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE